UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARTA BUENO,

                    Plaintiff,

      - against -

EUROSTARS HOTEL COMPANY, S.L., ET AL.,

                    Defendants.

21-cv-535 (JGK)

MEMORANDUM OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

On June 17, 2022, the parties in this pregnancy discrimination case submitted a proposed Rule 26(f) report advising that:

> The parties did not agree on whether Plaintiff shall submit to an Independent Medical Examination [pursuant to Federal Rule of Civil Procedure 35(a)] in this case. Defendants proposed that "[o]n or before September 1, 2022, plaintiff shall submit to an Independent Medical Examination by a licensed mental health professional," which was rejected by Plaintiff.

ECF No. 56 at 2.[1] The Court signed the Rule 26(f) report on June 20, 2022, ordering that "[i]f the parties do not agree" on the Rule 35(a) issue, "they should take the dispute to the Magistrate Judge," to whom the Court referred the case for

---

[1] Rule 35(a) provides that "[t]he court where the action is pending may order a party whose mental or physical condition -- including blood group -- is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). A Rule 35(a) order "may be made only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

general pretrial purposes. ECF No. 58 at 2 (Rule 26(f) report); ECF No. 59 (order of reference to Magistrate Judge). Instead, the plaintiff amended the complaint to add claims for unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq. The plaintiff alleges that the defendants' proposal for her to undergo an IME was retaliation for her pursuit of her claims in this case. Sec. Am. Compl. ("SAC"), ECF No. 62, at ¶¶ 96-118. The defendants now move to dismiss the plaintiff's retaliation claims. ECF No. 70. The motion is **granted**.

Retaliation claims under Title VII and the NYSHRL require the plaintiff to "show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (Title VII); Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 25 n.8 (2d Cir. 2014) (NYSHRL). The inquiry under the NYCHRL is broader: The alleged retaliation "need not result in an ultimate action with respect to employment" or "in a materially adverse change in the terms and conditions of employment." NYCHRL § 8-107(7). But the retaliation still must

2

be "reasonably likely to deter a person from engaging in protected activity." Id.; see also, e.g., Barry v. Macy's, Inc., No. 20-cv-10692, 2022 WL 1104847, at *9 (S.D.N.Y. Apr. 13, 2022).

By proposing that the plaintiff undergo an IME, defense counsel merely sought to use a permissible discovery device that would require court approval before it could be authorized. See Fed. R. Civ. P. 35(a). Given the plaintiff's claim for damages for "severe mental anguish and emotional distress," First Am. Compl., ECF No. 15, at ¶ 103, no reasonable person would consider that the use of this discovery procedure in a litigation that the person brought "well might have dissuaded" the person from making or supporting a charge of discrimination, Burlington Northern, 548 U.S. at 68, or would be "reasonably likely to deter [the] person from engaging in protected activity," NYCHRL § 8-107(7); see also Robinson v. De Niro, 600 F. Supp. 3d 286, 290 (S.D.N.Y. 2022) ("[I]f a plaintiff asserts that a defendant's actions caused a mental injury or ongoing mental illness, [the] plaintiff's mental condition is clearly in controversy and good cause is established under Rule 35(a)."). The use of proper discovery tools in litigation "is not the 'retaliation' that Congress had in mind in crafting the retaliation provisions of Title VII." Sherman v. Fivesky, LLC, No. 19-cv-8015, 2020 WL 5105164, at *6 (S.D.N.Y. Aug. 31, 2020);

3

see also Kim v. Lee, 576 F. Supp. 3d 14, 32 (S.D.N.Y. 2021) (deposition questions by attorney while defending employers against employee's Fair Labor Standards Act wage case were not retaliatory). This is not a case of filing a frivolous lawsuit or frivolous counterclaims. Cf. Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 474-75 (S.D.N.Y. 2008). Indeed, the only thing frivolous about this dispute is the plaintiff's assertion of the retaliation claims and the submission of the plaintiff's 22-page brief in an effort to defend them.

The defendants predictably have sought their attorney's fees and costs in being required to make this motion to dismiss. Defs.' Memo., ECF No. 71, at 19. The request is **denied.** The defendants have not moved under Rule 11 against the plaintiff, and the Court declines to assess costs and attorney's fees in its inherent power, which "must be exercised with restraint and discretion." Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd., 991 F.3d 361, 368 (2d Cir. 2021). However frivolous the retaliation claims may be, the defendants have not demonstrated that they were "brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." Id. The Court nonetheless expects that this episode will not be repeated.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the

4

arguments are either moot or without merit. For the foregoing reasons, the defendants' motion to dismiss the plaintiff's retaliation claims is **granted**. Counts II, IV, and VII of the SAC are **dismissed with prejudice**. The plaintiff's request for oral argument is **denied as moot**. The Clerk is directed to close ECF Nos. 70 and 74.

SO ORDERED.
Dated:   New York, New York
         May 9, 2023

_____
John G. Koeltl
**United States District Judge**