USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _6/16/2023_

Form as of October 30, 2017

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARTA BUENO,

                                    Plaintiff(s),

          -against-

EUROSTARS HOTEL COMPANY, S.L., et al.

                                    Defendant(s).

CIV. NO. ___1:21-cv-00535-JGK-RWL___

**Joint Electronic Discovery**
**Submission No. 1___ and**
**Order**

One or more of the parties to this litigation have indicated they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests.   This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action.  The parties and the Court recognize that this Joint Submission and [Proposed] Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this submission may become necessary as more information becomes known to the parties.

1. **Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2017 to May 30, 2017"]:**

Claims for pregnancy discrimination under Title VII, the New York State Human Rights Law, and

the New York City Human Rights Law, based on the February 25, 2020 termination of

Plaintiff's employment, for which Plaintiff seeks compensatory and punitive damages,

prejudgment interest, and reimbursement of attorney's fees and costs.

a. **Estimated amount of Plaintiff(s)' Claims:**

☒ Monetary (absolute number or range):$ Approximately $3.64 million
☐ Equitable Relief (if so, specify) _____
☐ Other (if so, specify) _____

b. **Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

☐ Monetary (absolute number or range):$ N/A
☐ Equitable Relief (if so, specify) _____
☐ Other (if so, specify) _____

2. **Competence**.  Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

3. **Meet and Confer**.  Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference.  Counsel certify that they have met and conferred to discuss these issues.

Date(s) of parties' meet-and-confer conference(s):

By email: June 28, 2022, July 7 and 11, 2022, and June 9 and 14, 2023.

2

9993125v.1

4.    **Unresolved Issues**:   The following issues concerning discovery of electronic information remain outstanding and/or require court intervention (check all that apply):

☒ Preservation
☒ Search and Review
☒ Sources of Production
☒ Forms of Production
☒ Identification or Logging of Privileged Material
☒ Inadvertent Production of Privileged Material
☐ Cost Allocation
☐ Other  (specify): _____

5.    **Preservation.**

   a.    **The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which data is maintained; identification of computer system(s); and identification of the individual(s) responsible for data preservation, etc.  To the extent the parties have reached agreement as to preservation of electronic information, provide details below:**

   In August 2022, the parties initiated email discussions about the subjects listed above.

   The parties shall further confer and, by on or before June 30, 2023, shall make written

   disclosures identifying: 1.) potentially relevant electronically stored information ("ESI");

   2.) the programs, systems, and manner of storage of potentially relevant ESI, such as may

   exist in computer networks, cloud-based networks and applications, local drive storage

   and applications, computers, laptops, phones, and tablets; and 3.) individuals responsible for

   each party's data and ESI preservation.

   b.    **State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications:**

   By email dated June 28, 2022, Plaintiff requested a copy of Defendants' litigation hold

   notices, which Defendants declined to provide by email dated June 29, 2022.

   _____

_____

_____

_____

**c.      The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored Information:**

PLAINTIFF: Plaintiff seeks judicial intervention regarding disclosure of Defendants'

litigation hold notices.

DEFENDANT: Defendants will oppose this effort to compel disclosure of counsel's

attorney-client as there is currently no controversy surrounding the completeness

of any disclosures by the defendants of electronically stored information.

_____

**6.      Search and Review.**

**a.      The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used.  Some of the approaches that may be considered include:  the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below:**

In addition to performing manual searches for responsive documents, including

electronically stored information ("ESI"), the parties agree to use keyword searches.

The parties shall exchange proposed keyword search lists and provide "hit reports"

for the purpose of cooperating regarding keyword searches.  Known responsive documents,

including ESI, shall be produced to the same extent regardless of whether or

not such documents / ESI contain agreed-upon search terms.

     **b.**    **The parties anticipate the need for judicial intervention regarding the following issues concerning the search and review of electronically stored information:**

None at this time.

_____

_____

_____

_____

_____

_____

**7.**    **Production.**

     **a.**    ***Source(s) of Electronically Stored Information.*** **The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, etc.]:**

Plaintiff(s):

The parties shall confer and by on or before June 30, 2023, disclose the sources of

potentially relevant electronically stored information ("ESI"), including ESI responsive to

existing discovery requests and Court-mandated protocol disclosures.

_____

_____

_____

Defendant(s):

The parties shall confer and by on or before June 30, 2023, disclose the sources of

potentially relevant electronically stored information ("ESI"), including ESI responsive to

existing discovery requests and Court-mandated protocol disclosures.

_____

_____

_____

9993125v.1

**b.** ***Limitations on Production.*** **The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:**

The parties agree to confer and by on or before June 30, 2023, identify all custodians

who may be in possession, custody, and/or control of potentially relevant electronically stored

information ("ESI"), including ESI responsive to existing discovery requests and Court-

mandated protocol disclosures.

**c.** ***Form(s) of Production.*** **The parties have discussed and agreed to the following regarding the form(s) of productions (e.g., TIFF, pdf, native, etc.):**

The parties agree to produce ESI in .pdf format, except for files not reasonably producible

in .pdf format (such as audio recordings or large spreadsheets) and shall produce ESI in native

format upon request. The parties shall Bates label each .pdf page produced. Native files

shall be Bates labeled by assigning a Bates number to the native file itself.

**d.** **The parties anticipate the need for judicial intervention regarding the following issues concerning production:**

None at this time.

6

8. **Privileged Material.**

   a. *Identification.* **The parties have discussed and agreed to the following method(s) for identification (e.g., individual logging, categorical logging, etc.) and redaction of privileged documents:**

   The parties shall adhere to Local Civil Rule 26.2 with respect to claims of privilege.

   _____

   _____

   _____

   _____

   _____

   b. *Inadvertent Production / Claw-Back Agreements.* **Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):**

   _____

   _____

   Under Section 8.c of this Order, the parties intend to present to the Court a proposed

   502(d) Order in a separate document for the Court's consideration.

   _____

   c. **The parties have discussed a 502(d) Order. Yes_X_; No__ The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.**

   d. **The parties anticipate the need for judicial intervention regarding the following issues concerning privileged material:**

   Under Section 8.c of this Order, the parties intend to present to the Court a proposed

   502(d) Order in a separate document for the Court's consideration.

   _____

   _____

   _____

7

_____

9.    **Cost of Production.**

    a.    *Costs:*  **The parties have analyzed their client's data repositories and have estimated the costs associated with production of electronically stored information.   The factors and components underlying these costs are estimated as follows:**

        Plaintiff(s):

         Not known at this time.
_____
_____
_____
_____
_____
_____

        Defendant(s):

         Not known at this time.
_____
_____
_____
_____
_____
_____

    b.    *Cost Allocation.*  **The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:**

         Not known at this time.
_____
_____
_____
_____
_____
_____

8

    c.    ***Cost Savings.***  **The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:**

Not known at this time.

_____

_____

_____

_____

_____

    d.    **The parties anticipate the need for judicial intervention regarding the following issues concerning the costs of production of electronically stored information:**

None at this time.

_____

_____

_____

_____

_____

**10.**    **Other Issues, if any.**

None at this time.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9993125v.1

The preceding constitutes the agreement(s) reached, and disputes existing (if any), between the parties to certain matters concerning electronic discovery as of this date.  To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: Marta Bueno                          By: /s/ Maria L. Chickedantz, Esq.

Party: Eurostars Hotel Company S.L.         By: Brian C. Dunning

Party: Front Property Hotel Corp.           By: Brian C. Dunning

Party: Amancio López Seijas                 By: Brian C. Dunning

Party: _____                  By: _____

Party: _____                  By: _____

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on or before June 30, 2023.

The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for Not applicable.

Additional conferences, or written status reports, shall be set for every N/A weeks, as determined by the parties and the Court, based on the complexity of the issues at hand.  A joint agenda should be submitted to the Court three (3) business days before such conference indicating the issues to be raised by the parties.  The parties may jointly seek to adjourn the conference with the Court no less than 48 hours

10

9993125v.1

in advance of the scheduled conference, if the parties agree that there are no issues requiring Court intervention.

Dated: _____, 20__         SO ORDERED:
       June 16              23

       _____
            United States Magistrate Judge

11

9993125v.1