UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTA BUENO,

                      *Plaintiff,*

-against-

EUROSTARS HOTEL COMPANY, S.L., FRONT PROPERTY HOTEL CORPORATION, and AMANCIO LOPEZ SEIJAS, jointly and severally,

                      *Defendants.*

1:21-cv-00535-MMG-RWL

**DECLARATION**

       **Marta Bueno** declares, pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

       1.    I am the Plaintiff in the above-captioned action, I am above the age of 18, and I respectfully submit this declaration in support of my Opposition to the Defendants' Motion for Summary Judgment.

       2.    I was hired to work for Defendants in October 2007 by Defendant Amancio Lopez Seijas ("Lopez").

       3.    In October 2013, I was promoted and transferred to New York City from Spain, where I was appointed General Manager for the Eurostars Wall Street Hotel in Manhattan at 129 Front Street.

       4.    Due to my outstanding performance, I was again promoted in 2015 by Lopez to the position of General Manager of Defendants' New York City hotels, including the hotels at 129 Front Street and 52 East 41st Street.

       5.    In 2017, I was temporarily relocated to Miami to open two Eurostars hotels.

1

6. Later, in or about late 2018 / early 2019, I helped open a Eurostars hotel in Chicago.

7. In September 2019, I told my supervisor Cristina Marroqui that I wanted IVF treatments, (Bueno Dep., 229:11-14), because I was having difficulties getting pregnant naturally.

8. In December 2019, I discussed my IVF plans again with Ms. Marroqui, (Bueno Dep., 229:14-19; Second Amended Complaint ("SAC"), Doc. 62 ¶ 69), and advised her that it was cheaper for me to receive IVF treatments in Barcelona.

9. During this conversation, Ms. Marroqui stated, in sum and substance, "that's nice, but, you know this company… Lopez doesn't like people taking leave because it ends up being a cost for the company. He wants employees to work no matter what." (SAC, Doc. 62 ¶ 70.)

10. On January 3, 2020, I told Ms. Marroqui that my IVF treatment in Barcelona would commence later that month, (SAC, Doc. 62 ¶ 71), to coincide with the trip relating to my tenant vacating the apartment (Bueno Dep., 91:13-21).

11. During this conversation, Ms. Marroqui acted annoyed with me over my plans to become pregnant and eventually take maternity leave. (SAC, Doc. 62 ¶ 72.)

12. On January 16, 2020, I began taking estrogen in preparation for my IVF procedure. (Bueno Dep., 126:21-127:2.)

13. I flew to Barcelona on January 26, 2020, with the understanding that I had management's authority to take the leave, which I had previously requested. (Bueno Dep., 81:1-13, 93:4-6; 100:17-101:16; 103:3-8).

14. On January 27, 2020, I began the IVF process in Barcelona. (Bueno Dep., 126:14-19; SAC, Doc. 62 ¶ 74.)

15. On February 4, 2020, as part of my IVF procedure, my embryo was transferred. (Bueno Dep., 128:14-19; SAC, Doc. 62 ¶ 74.)

16. On February 20, 2020, I advised Ms. Marroqui that the IVF had been successful and that I was pregnant. (Bueno Dep., 203:14 – 204:22; SAC, Doc. 62 ¶ 76-78.)

17. On February 25, 2020, I was terminated from my employment with Defendants. They did not tell me the reasons for my termination. (Bueno Dep., 213:10-12; SAC, Doc. 62 ¶ 76-78.)

I declare, under penalty of perjury, that the foregoing is true and correct.

Date: 11/04/2024

By: _____
Marta Bueno
*Plaintiff*