Exhibit 48

RECEIVED

August 16, 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTA BUENO,

               Plaintiff,

        v.

EUROSTARS HOTEL COMPANY, S.L.,
FRONT PROPERTY HOTEL
CORPORATION, AND AMANCIO LOPEZ
SEIJAS,

               Defendants.

Case No. 1:21-cv-00535-JGK

Defendants Eurostars Hotel Company, S.L., Front Property Hotel Corporation and

Amancio López Seijas hereby provide the following revised and supplemental submission in

accordance with the Pilot Project Regarding Initial Discovery Protocols for Employment Cases

Alleging Adverse Action.

## PRELIMINARY STATEMENT

These responses (the "Responses"), made pursuant to the Court's Pilot Project Regarding

Initial Discovery Protocols for Employment Cases Alleging Adverse Action (the "Discovery

Protocols"), are made solely for the purposes of this litigation and reflect the knowledge and

understanding of the defendants and witnesses identified herein as of the date of these

Responses. Additional responsive information may exist that is not within the defendants'

present knowledge and/or that is not reasonably available to the defendants. Additional

information may exist relating to the subject matter of written discovery of which the defendants

are not presently aware, and of which the defendants may or may not become aware in the

future. In some instances, responsive information may be exclusively or peculiarly in the

possession, custody, and/or control of the plaintiff. These Responses are not intended to, and do

not in fact, constitute an admission or representation that additional facts, documents, or

witnesses having knowledge relevant to the subject matter of discovery do not exist. To the

contrary, as this litigation proceeds, the defendants anticipate that other facts, documents, or

witnesses may be discovered or identified. Accordingly, the defendants reserve the right to alter,

supplement, amend, withdraw, and/or otherwise modify these Responses in any way at any time.

Except for the facts expressly stated herein, no incidental admissions are intended hereby.

The fact that the defendants provide these Responses is not intended and shall not be construed

to be a waiver of all or any part of any objections relating to the information produced in these

Responses. The defendants hereby expressly reserve the right to object to the introduction into

evidence, at trial or in any other proceeding, of any information or documents contained in or

referred to in the following Responses on any ground. Defendants' Responses are made

expressly subject to, and without waiving or intending to waive, any questions or objections as to

the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other

purpose, of any of the information produced or identified herein, in any proceeding, including

the trial of this action, or any subsequent proceeding.

Identification of any document that is privileged or is otherwise immune from discovery

shall not constitute a waiver of any privilege or of any other ground for objecting to discovery

with respect to the document or any other document, or its subject matter, or the information

contained therein, or of defendants' right to object to the use of any such document or the

information contained therein during any proceeding in this litigation or otherwise.

Defendants are continuing to search for documents and information relevant to this

litigation and therefore reserve their right to supplement their responses. Defendants also reserve

their right to object to the future disclosure of any such documents and/or information.

**Documents that Defendants must produce to Plaintiff**

a.      All communications concerning the factual allegations or claims at issue in this lawsuit among or between:

   i.      The plaintiff and the defendants;

   ii.      The plaintiff's manager(s), and/or supervisor(s), and/or the defendant's human resources representative(s).

**ANSWER**: Defendants believe they have produced all nonprivileged documents in their possession, custody or control that are covered by this item, except that communications between counsel for the parties made in the course of or in anticipation of this litigation, to the extent they may be responsive, have not been produced in the interest of economy and efficiency. Defendants continue to search for documents covered by this item and responsive to the plaintiff's interrogatories and demands for the production of documents and will update this answer as necessary.

b.      Responses to claims, lawsuits, administrative charges, and complaints by the plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

**ANSWER**:  Defendants have produced all nonprivileged documents covered by this item.

c.      Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

**ANSWER**:  Defendants believe they have produced all nonprivileged documents in their possession, custody or control that are covered by this item. Defendants continue to search for documents covered by this item and responsive to the plaintiff's interrogatories and demands for the production of documents and will update this answer as necessary.

d.      The plaintiff's personnel file, in any form, maintained by the defendant, including files concerning the plaintiff maintained by the plaintiff's supervisor(s), manager(s), or the defendant's human resources representative(s), irrespective of the relevant time period.

**ANSWER**:  Defendants believe they have produced all nonprivileged documents in their possession, custody or control that are covered by this item. Defendants continue to search for documents covered by this item and responsive to the plaintiff's interrogatories and demands for the production of documents and will update this answer as necessary.

e.      The plaintiff's performance evaluations and formal discipline.

**ANSWER**:  Defendants believes no such documents exist, other than those documents relating to the plaintiff's termination.

f.      Documents relied upon to make the employment decision(s) at issue in this lawsuit.

**ANSWER**:  Defendants believe they have produced all nonprivileged documents in their possession, custody or control that are covered by this item. Defendants continue to search for documents covered by this item and responsive to the plaintiff's interrogatories and demands for the production of documents and will update this answer as necessary.

g.      Workplace policies or guidelines relevant to the adverse action in effect at the time of the adverse action. Depending upon the case, those may include policies or guidelines that address:

     i.      Discipline;

     ii.     Termination of employment;

     iii.    Promotion;

     iv.     Discrimination;

     v.      Performance reviews or evaluations;

     vi.     Misconduct;

     vii.    Retaliation;

     viii.   Nature of the employment relationship.

**ANSWER**:  Defendants believe they have produced all nonprivileged documents in their possession, custody or control that are covered by this item. Defendants continue to search for documents covered by this item and responsive to the plaintiff's interrogatories and demands for the production of documents and will update this answer as necessary.

h.      The table of contents and index of any employee handbook, code of conduct, or policies and procedures manual in effect at the time of the adverse action.

**ANSWER**:  Defendants believe they have produced all nonprivileged documents in their possession, custody or control that are covered by this item. Defendants continue to search for documents covered by this item and responsive to the plaintiff's interrogatories and demands for the production of documents and will update this answer as necessary.

i.      Job description(s) for the position(s) that the plaintiff held.

**ANSWER**:  Defendants believe they have produced all nonprivileged  documents in their possession, custody or control that are covered by this item. Defendants continue to search for documents covered by this item and responsive to the plaintiff's interrogatories and demands for the production of documents and will update this answer as necessary.

j.       Documents showing the plaintiff's compensation and benefits. Those normally include retirement plan benefits, fringe benefits, employee benefit summary plan descriptions, and summaries of compensation.

**ANSWER**:  Defendants believe they have produced all nonprivileged  documents in their possession, custody or control that are covered by this item. Defendants continue to search for documents covered by this item and responsive to the plaintiff's interrogatories and demands for the production of documents and will update this answer as necessary.

k.       Agreements between the plaintiff and the defendant to waive jury trial rights or to arbitrate disputes.

**ANSWER**:  No such documents exist.

l.       Documents concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.

**ANSWER**:  Defendants believe they have produced all nonprivilegeddocuments in their possession, custody or control that are covered by this item. Defendants continue to search for documents covered by this item and responsive to the plaintiff's interrogatories and demands for the production of documents and will update this answer as necessary.

m.      Documents in the possession of the defendant and/or the defendant's agent(s) concerning claims for unemployment benefits unless production is prohibited by applicable law.

**ANSWER**: Defendants have no such documents.

n.       Any other document(s) upon which the defendants rely to support the defenses, affirmative defenses, and counterclaims, including any other document(s) describing the reasons for the adverse action.

**ANSWER**:  Defendants believe they have produced all nonprivileged documents in their possession, custody or control that are covered by this item. Defendants continue to search for documents covered by this item and responsive to the plaintiff's interrogatories and demands for the production of documents and will update this answer as necessary.

**Information that Defendants must produce to Plaintiff.**

a.       Identify the plaintiff's supervisor(s) and/or manager(s).

**ANSWER**: At all times relevant to this case, plaintiff's supervisor was Cristina Marroquí.

b.       Identify person(s) presently known to the defendant who were involved in making the decision to take the adverse action.

**ANSWER**: The following people were involved, in differing degrees, in making the decision to terminate the plaintiff:

Marta Sanjurjo

Carla Isbert

Amancio López

Cristina Marroquí

c.      Identify persons the defendants believe to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

**Cristina Marroquí.** Ms. Marroquí has knowledge about the plaintiff's claims that the company knew plaintiff was undergoing IVF treatments and that plaintiff disclosed to her on February 20, 2020, that she was pregnant. Ms. Marroqui also has knowledge about plaintiff's wholly unauthorized three-week vacation in Barcelona, Spain, and knows that this led to plaintiff's termination. She also has knowledge of plaintiff's job duties and performance.

**Marta Sanjurjo.** Ms. Sanjurjo is the head of human resources. She has knowledge of the defendants' employment policies and procedures. She has knowledge about plaintiff's wholly unauthorized three-week vacation in Barcelona, Spain, and knows that this led to plaintiff's termination. Ms. Sanjurjo has knowledge about how the actual decision to terminate plaintiff was made.

**Patricia Cereijo.** Ms. Cereijo has knowledge about the termination of plaintiff.

**Carla Isbert.** Ms. Isbert, who is no longer with the group, has knowledge about plaintiff's wholly unauthorized three-week vacation in Barcelona, Spain, and knows that this led to plaintiff's termination.

**Amancio López.** Mr. López has knowledge about how the actual decision to terminate plaintiff was made.

**Marco Orru.** Mr. Orru has knowledge of the contents of the WhatsApp call between plaintiff and Ms. Marroquí that took place on February 20, 2020.

d.      State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action. State whether the defendant has provided information to any third party concerning the application(s). Identify any documents concerning any such application or any such information provided to a third party.

**ANSWER**: Defendants have no knowledge of any such application and have not provided information to any third party concerning such an application.

Dated: New York, New York
       August 16, 2022

Brian C. Dunning
Petek Gunay Balatsas
Dunning Rievman & MacDonald LLP
1350 Broadway, Suite 2120
New York, New York 10018
(646) 873-7522
bdunning@drmlaw.com
pgunay@drmlaw.com

*Attorneys for the Defendants*