Exhibit 51

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTA BUENO,<br><br>*Plaintiff,*<br><br>-against-<br><br>EUROSTARS HOTEL COMPANY, S.L., FRONT PROPERTY HOTEL CORPORATION, and AMANCIO LOPEZ SEIJAS,<br><br>*Defendants.* | 1:21-cv-00535 (JGK)(RWL)<br><br>**DEFENDANTS' SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Defendant Amancio Lopez Seijas ("Defendant Lopez") hereby submits the following responses to the Plaintiff's First Set of Interrogatories.

## OBJECTIONS TO GENERAL INSTRUCTIONS

1. Defendant Lopez objects to the General Instructions to the extent they purport to impose upon Defendant Lopez's obligations beyond those that are identified in the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

## OBJECTIONS TO DEFINITIONS

1. Defendant Lopez objects to the Definitions to the extent they differ from the standard definitions provided by the Local Rules.

2. Defendant Lopez objects to the definition of the word "Defendants" to the extent it seeks to impose upon Defendant Lopez's obligation to seek information in the possession of third parties.

3. Defendant Lopez objects to the definition of the word "Complaint" to the extent it does not take into account the dismissal of claims asserted in the Complaint, First Amended Complaint and Second Amended Complaint.

1

4.  Defendant Lopez objects to the definition of the terms "All Documents" or "Each and every document" to the extent they seek to impose upon the Defendants the obligation to seek information in the possession of third parties.

5.  Corporate Defendants object to the definition of the term "Relevant Period" to the extent it seeks information outside the temporal scope of the parties' dispute.

## GENERAL OBJECTIONS

1.  Corporate Defendants object to these interrogatories to the extent they call for information that is protected from disclosure by the attorney-client privilege.

2.  Corporate Defendants object to these interrogatories to the extent they call for information that is protected from disclosure by the work product doctrine.

## INTERROGATORIES

1.  Identify every person who provided information in the preparation of Defendants' responses to these Interrogatories.

**RESPONSE:** Subject to and without waiving the foregoing objections, Corporate Defendants answer this interrogatory as follows:

Cristina Marroquí, Marta Sanjurjo and Patricia Paredes.

2.  Identify every person who provided information in the preparation of Defendants' responses to the Plaintiff's First Set of Requests for the Production of Documents, which are being served concurrently with these interrogatories.

**RESPONSE:** Corporate Defendants object to this interrogatory because it is premature. Subject to and without waiving the foregoing objections, Corporate Defendants answer this interrogatory as follows:

Cristina Marroquí, Marta Sanjurjo and Patricia Paredes.

3.  Identify every person who possesses knowledge of the facts underlying the allegations in the Complaint.

**RESPONSE:** Subject to and without waiving the foregoing objections, Corporate Defendants answer this interrogatory as follows:

2

>>Plaintiff, Plaintiff's husband, Plaintiff's medical professionals, Amancio López Seijas, Marta Sanjurjo, Cristina Marroquí, Patricia Cereijo, Clara López Sanjurjo and Marco Orru.

4. Identify every person who possesses knowledge of the facts underlying each of the Defendants' factual responses (i.e., denials and admissions) that they assert in their Answer.

**RESPONSE:** Subject to and without waiving the foregoing objections, Corporate Defendants answer this interrogatory as follows:

>>Plaintiff, Plaintiff's husband, Plaintiff's medical professionals, Amancio López Seijas, Marta Sanjurjo, Cristina Marroquí, Patricia Cereijo, Clara López Sanjurjo and Marco Orru.

5. Identify every person who possesses knowledge of the facts underlying each of the Defendants' Affirmative Defenses that they assert in their Answer.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants answer this interrogatory as follows:

>>Plaintiff, Plaintiff's husband, Plaintiff's medical professionals, Amancio López Seijas, Marta Sanjurjo, Cristina Marroquí, Patricia Cereijo, Clara López Sanjurjo and Marco Orru.

6. Identify every person who possesses knowledge of the facts underlying any defense to liability or damages that Corporate Defendants intend to assert at trial or on motion to the Court in this action.

**RESPONSE:** Subject to and without waiving the foregoing objections, Corporate Defendants answer this interrogatory as follows:

>>Plaintiff, Plaintiff's husband, Plaintiff's medical professionals, Amancio López Seijas, Marta Sanjurjo, Cristina Marroquí, Patricia Cereijo, Clara López Sanjurjo and Marco Orru.

7. Identify every person with knowledge of information relevant to the subject matter of this action.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants answer this interrogatory as follows:

> Plaintiff, Plaintiff's husband, Plaintiff's medical professionals, Amancio López Seijas, Marta Sanjurjo, Cristina Marroquí, Patricia Cereijo, Clara López Sanjurjo and Marco Orru.

8. Under Local Civil Rule 33.3(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, set forth with particularity Defendants' reasons for the termination of Plaintiff's employment.

**RESPONSE:** Corporate Defendants object to this interrogatory because it does not fall within any of the categories of interrogatories which the Local Rules allow parties to serve at this stage of the litigation, notwithstanding plaintiff's reference to Rule 33.3(b) of the Local Rules. Plaintiff will have the opportunity to depose witnesses with knowledge of these facts.

9. Identify every person who had authority to implement employment actions against Plaintiff, including but not limited to terminating Plaintiff's employment.

**RESPONSE:** Corporate Defendants object to this interrogatory because the term "implement employment actions" is vague and ambiguous. Subject to and without waiving the foregoing objections, Corporate Defendants answer this interrogatory as follows:

> Only Amancio López Seijas had the authority to terminate Plaintiff's employment.

10. Identify every person who had authority to set Plaintiff's schedule, including but not limited to approving leave.

**RESPONSE:** Subject to and without waiving the foregoing objections, Corporate Defendants answer this interrogatory as follows:

> Amancio Lopez Seijas and Cristina Marroqui.

4

11. Identify every person who was involved in the decision to terminate Plaintiff's employment.

**RESPONSE:** Subject to and without waiving the foregoing objections, Corporate Defendants answer this interrogatory as follows:

Amancio López Seijas, Marta Sanjurjo and Cristina Marroquí.

12. Identify every person who was involved in the decision to approve and/or not approve Plaintiff's leave during the months of January and February 2020.

**RESPONSE:** Subject to and without waiving the foregoing objections, Corporate Defendants answer this interrogatory as follows:

During the period of time in question, employees who sought permission to take a vacation or other leave were required to submit their requests to the company via the "Success Factors" program used for that purpose. Plaintiff did not make such a request for vacation or leave to be taken in January or February of 2020.

13. Identify every person Plaintiff spoke to about the termination of her employment the day it occurred.

**RESPONSE:** Corporate Defendants object to this interrogatory to the extent it calls upon them to identify "every person" Plaintiff spoke to about the termination of her employment, and not simply "every person Defendants *know*" she spoke to. Subject to and without waiving the foregoing objections, Corporate Defendants answer this interrogatory as follows:

Patricia Cereijo.

14. Since January 1, 2015, have any current or former employees filed a lawsuit, administrative charge, or other complaint, whether formal or informal, and whether internal or external, against or regarding any of the Defendants, asserting claims of discrimination based on sex, gender, familial status, pregnancy, pregnancy-related medical condition, or failure to accommodate a pregnancy or pregnancy-related disability? If so, then under Local Civil Rule 33.3(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, state the following for each such matter: (1) names of all parties in the matter; (2) jurisdiction of the matter; (3) case identifier (such as docket number) used by the

5

jurisdiction in the matter; (4) description of the claims asserted in the matter; and (5) description of the resolution of each matter.

**RESPONSE:** Corporate Defendants object to this interrogatory because it does not fall within the scope of interrogatories which the Local Rules allow parties to serve at this stage of the litigation. Corporate Defendants also object to this interrogatory because it calls for information which, if it exists, is not reasonably calculated to lead to the discovery of admissible evidence and is, rather, designed to harass and annoy the defendants. Corporate Defendants further object to this interrogatory because it is overly broad and unduly burdensome.

15. Identify every person employed by Defendants at any point during the time period from January 1, 2015, through the present, who worked in the same department in which Plaintiff worked and, during the mentioned time period, were pregnant or had a pregnancy-related disability or medical condition.

**RESPONSE:** Corporate Defendants object to this interrogatory because it does not fall within the scope of interrogatories which the Local Rules allow parties to serve at this stage of the litigation. Corporate Defendants also object to this interrogatory because it calls for information which, if it exists, is not reasonably calculated to lead to the discovery of admissible evidence and is, rather, designed to harass and annoy the defendants.

16. Identify each member of Defendants' litigation control group.

**RESPONSE:** Corporate Defendants object to this interrogatory because it does not fall within the scope of interrogatories which the Local Rules allow parties to serve at this stage of the litigation. Corporate Defendants also object to this interrogatory because it calls for information that is not reasonably calculated to lead to the discovery of admissible evidence and is, rather, designed to harass and annoy the defendants.

17. For all documents (the "Unproduced and/or Withheld Documents") requested by Plaintiff but not produced by Defendants in response to Plaintiff's First Set of Requests for the Production of Documents, which are being served concurrently with these interrogatories, please:

    a. identify the custodian of the Unproduced and/or Withheld Documents;

    b. state the location of the Unproduced and/or Withheld Documents;

    c. provide a general description of the Unproduced and/or Withheld Documents.

**RESPONSE:** Corporate Defendants object to this interrogatory because it is premature.

Dated: New York, New York
       June 21, 2023

**As to objections:**

*[signature]*

Brian C. Dunning
DUNNING RIEVMAN & MACDONALD LLP
1350 Broadway, Suite 2220
New York, New York 10018
(646) 873-7522
bdunning@drmlaw.com

*Attorneys for Defendants*

**As to responses on behalf of Eurostars Hotel Company, S.L.:**

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing amended responses to Plaintiff's First Set of Interrogatories true and correct.

Executed on this day _____ day of November 17, 2023.

Eurostars Hotel Company, S.L.

_____
Amancio Lopez Seijas

**As to responses on behalf of Front Property Hotel Corporation:**

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing amended responses to Plaintiff's First Set of Interrogatories true and correct.

Executed on this day __17____ day of November 17, 2023.

Front Property Hotel Corporation

_____
Amancio Lopez Seijas

**As to responses of Defendant Amancio Lopez Seijas:**

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing amended responses to Plaintiff's First Set of Interrogatories true and correct.

Executed on this day _____ day of November 17, 2023.

_____
Amancio Lopez Seijas